UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE CHISM,<br><br>                               Plaintiff,<br>    v.<br><br>COSTCO WHOLESALE<br>CORPORATION,<br><br>                               Defendant. | Case No. 2:20-cv-00967-ART-DJA<br><br>**ORDER** |

In this personal injury lawsuit, Plaintiff Michelle Chism seeks a spoliation jury instruction (ECF No. 57). The Court previously granted Plaintiff's request for a spoliation instruction (ECF No. 63) and instructed parties to file supplemental briefing regarding the type of jury instruction. For the following reasons, the Court finds that an adverse inference jury instruction is the appropriate remedy.

**I.  BACKGROUND**

Plaintiff suffered a severe head injury after slipping at Costo in April 2019. (ECF No. 1 at ¶ 9.) Plaintiff alleges that while she was walking down the aisle, she "encountered a condition that caused her to fall to the floor." (*Id.*) Her head injury "required emergency medical attention and hospitalization and has left her with life-long debilitating injuries." (*Id.*) She brings two claims: (1) negligence/gross negligence/premises liability; and (2) negligent hiring, supervision, and retention. (ECF No. 1 at ¶¶ 8–23.)

Nobody observed the fall. (ECF No. 57-4 at 3.) Plaintiff was with her boyfriend, Eddie Diaz, at the time. (*Id.*) Diaz told first responders that Chism had been experiencing flulike symptoms for the past few days but had been getting better. (*Id.*) There is a dispute as to how many cameras covered the area of the fall. According to Jaime Roxanne Morreira, there were at least four cameras providing coverage of the area. (ECF No. 57-13 at 3.) According to Michael Le, an administrative manager at Costco, there was only one camera (ECF No. 57-5 at 9.) Costco failed to preserve any of this footage.

Michael Le stated in his deposition that he reviewed the video surveillance that day. (ECF No. 55-1 at 92.) He recalled seeing only one camera angle and could not recall exactly where the camera was located. (*Id.* at 93.) He recalled seeing Plaintiff "walking back and forth" in the aisle that she fell in. (*Id.*) He recalled that the view was partially obstructed by shelving, and that he saw just "just . . . drop down." (*Id.*) The video was recorded over three months after the incident. (ECF No. 72 at 19.)

At the time, Costco had a written policy which outlined several steps that should be taken in the event of a member injury or incident. (ECF No. 57-12.) Among other things, the policy instructed members to photograph the area, report the incident, request that the member complete an incident form and write their opinion of the cause on a separate piece of paper. (*Id.* at 2.) The policy instructed that: "[s]urveillance video must be retained as evidence following a bodily injury incident regardless of whether it captures the incident" and recommended that the record time included "2 hours before and 2 hours after the incident." (*Id.*)

An incident report was never completed, and Costco did not preserve the surveillance footage. (ECF No. 55-1 at 92.) Eight days after the accident, Mr. Diaz returned to Costco and spoke to Michael Le about "what happened." (Doc. No. 55-1 at 158.) But Plaintiff and Diaz did not otherwise indicate that they were pursuing litigation. (*Id.*) According to Defendant, Costco did not receive a letter of representation or letter to preserve evidence from Plaintiff's counsel until several months after the video had been "recycled in accordance with Costco policies." (ECF No. 85 at 7.)

In November 2023, the Court held a hearing on Defendant's motion for summary judgment and Plaintiff's motion for spoliation. (ECF No. 72.) The Court denied Defendant's motion for summary judgment, noting that although Plaintiff's evidence was weak, there was a proof issue created by Costco due to

the lack of video evidence. (*Id.* at 25.) The Court granted Plaintiff's motion for spoliation, finding that the requirements of Rule 37(e) had been satisfied: the video should have been preserved in anticipation of litigation, the video was lost because Defendant failed to take reasonable steps to preserve, and the video could not be restored or replaced. (*Id.* at 26–27.) The Court stated that it would issue a sanction in the form of a jury instruction and allow the parties to brief the appropriate discussion at a later point. (*Id.* at 28.) That issue is now before the Court.

## II.   LEGAL STANDARD

Courts have inherent authority to sanction parties for spoliation of evidence. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). "In considering what spoliation sanction to impose, if any, courts generally consider three factors: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 985 (N.D. Cal. 2012) (cleaned up). Courts should choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim." *Id.* (citation omitted).

Courts apply three tiers of sanctions for spoliation with corresponding levels of culpability. In severe cases of bad faith spoliation, a court may strike a spoliating defendant's answer or enter default judgment on specific issues. *See In re Napster Copyright Litig.,* 462 F. Supp. 2d 1060 (N.D. Cal 2006)*; see also Peschel v. City Of Missoula,* 664 F. Supp. 2d 1137, 1146 (D. Mont. 2009). In the middle tier of culpability, a court may impose a mandatory, rebuttable presumption "when a spoliating party has acted willfully or recklessly." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 881 F. Supp. 2d 1132, 1150 (N.D. Cal. 2012). When the spoliating party has acted only negligently, the least harsh instruction

"permits (but does not require) a jury to presume that the lost evidence is both relevant and favorable to the innocent party." *Id.* "If it makes this presumption, the spoliating party's rebuttal evidence must then be considered by the jury, which must then decide whether to draw an adverse inference against the spoliating party." *Id.*

### III. DISCUSSION

Because the Court has already determined that a jury instruction on spoliation is appropriate, the Court addresses only the form of the sanction.

**1. Degree of Fault**

Plaintiff argues that Costco acted "willfully and recklessly" by failing to follow its internal policy. (ECF No. 83 at 6.) But Plaintiff does not point to case law indicating that a failure to follow an internal policy constitutes willful or reckless conduct. Plaintiff also suggests that Defendant's witnesses are not credible when they state that they saw nothing on the floor because it is "undisputed by Mr. Diaz and Ms. Chism that [Chism] had Clif Bars in her hands." (ECF no. 83 at 6.) The Court does not make credibility determinations at this stage, and Plaintiff's challenge to Costco employees' credibility is insufficient to show that Costco acted willfully or recklessly. This factor therefore weighs in favor of a lesser sanction.

**2. Degree of Prejudice**

"The prejudice inquiry 'looks to whether the [spoiling party's] actions impaired [the non-spoiling party's] ability to go to trial or threatened to interfere with the rightful decision of the case.'" *Leon v. IDX Systs. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (quoting *Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988). In *Anheuser–Busch*, the court found prejudice when a party's refusal to provide certain documents "forced Anheuser to rely on incomplete and spotty evidence" at trial. 69 F.3d at 354.

Here, the prejudice to Plaintiff is significant. Plaintiff does not have any

eyewitness testimony of the fall. She is left with only the testimony of a Costco employee who viewed one video several years ago. Defendant argues that the footage was not relevant because it did not show the condition of the floor. (ECF No. 85 at 11.) But the Court cannot conclude with certainty what the video shows, and there is a dispute as to how many videos existed. According to Mr. Le, the video did show Plaintiff's fall—albeit an obstructed view of the fall. Without this footage, Plaintiff is forced to rely on incomplete and spotty evidence at trial. This factor therefore weighs in favor of a harsher sanction.

### 3. Lesser Sanction

Defendant offers only one alternative to the adverse inference instruction: no instruction. The Court has already determined that an instruction is appropriate and declines to revisit that ruling. An adverse inference instruction is the least harsh of the three tiers of spoliation instructions.

### 4. Appropriate Instruction

Accordingly, the Court finds that a sanction in the form of an adverse inference instruction is adequate to address the prejudice suffered by Plaintiff. The Court will order the jury to be instructed as follows:

> Defendant has failed to prevent the destruction of relevant evidence for Plaintiff's use in this litigation. This is known as the "spoliation of evidence."
>
> I instruct you, as a matter of law, that Defendant failed to preserve evidence after its duty to preserve arose.
>
> You also may presume that Plaintiff has met its burden of proving the following two elements by a preponderance of the evidence: *first,* that *relevant* evidence was destroyed after the duty to preserve arose. Evidence is relevant if it would have clarified a fact at issue in the trial and otherwise would naturally have been introduced into evidence; and *second,* the lost evidence was favorable to Plaintiff.
>
> Whether this finding is important to you in reaching a verdict in this case is for you to decide. You may choose to find it determinative, somewhat determinative, or not at all determinative in reaching your verdict.

*See Minden v. Allstate Prop. & Cas. Ins. Co.*, No. 221CV00151APGBNW, 2023 WL 6542152, at *8 (D. Nev. July 24, 2023) (citing *Apple*, 881 F.Supp.2d at 1151).

### IV.  CONCLUSION

The Court orders that an adverse inference jury instruction be given as sanction for the spoliation of evidence as outlined in this order.

DATED: August 14, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE