UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHELLE CHISM,

Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION,

Defendant.

Case No. 2:20-cv-00967-ART-DJA

**ORDER**

Plaintiff Michelle Chism fell down in a Costco and incurred a severe head injury. She now sues Costco for negligence and negligent hiring. Because Costco automatically recorded over the only video footage of the accident, Ms. Chism was granted an adverse inference spoliation jury instruction, which would have instructed the jury that it was permitted to presume that the video was favorable to her. (ECF No. 57). At calendar call, the Court suggested that the previous ruling was in error and asked the parties to re-brief Ms. Chism's remedy for spoliation of the video evidence. For the following reasons, the Court finds that the appropriate remedy for the spoliation is to "permit[] the parties to present evidence and argument to the jury regarding the loss of information." Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment.

**I.    BACKGROUND**

Plaintiff suffered a severe head injury after falling at Costco in April 2019. (ECF No. 1 at ¶ 9.) On the day of the accident, Costco administrative manager Michael Le reviewed surveillance footage of Ms. Chism's fall. (ECF No. 55-1 at 92.) He recalled that the footage was partially obstructed by shelving, and all that was visible of Ms. Chism's fall was her head dropping "straight down." (*Id.* at 93) Mr. Le testified that Costco's claims company did not instruct Costco employees to preserve the video because they never received an incident report from Ms.

1

Chism. (*Id.* at 92.) Three months after the incident, the video was written over. (ECF No. 72 at 19.)

In November 2023, the Court granted Plaintiff's motion for spoliation, finding that the requirements of Rule 37(e) had been satisfied: the video should have been preserved in anticipation of litigation, the video was lost because Defendant failed to take reasonable steps to preserve, and the video could not be restored or replaced. (ECF No. 72 at 26-27.) In a subsequent order, the Court reasoned that Costco's failure to preserve the video was something less than willful or reckless. Nonetheless, due to the severe prejudice to Plaintiff and the ineffectiveness of lesser remedies, the Court ordered that the jury would be instructed that it was permitted to presume that the spoliated evidence was favorable to Ms. Chism. (ECF No. 86.)

At calendar call on June 2, 2026, the parties were advised that under *Gregory v. State of Montana*, 118 F.4th 1069, 1078 (9th Cir. 2014) and Fed. R. Civ. P. 37(e)(2), the Court was without authority to issue an adverse inference jury instruction unless it also found that Costco had an intent to destroy the video. Since the Court had found that Costco did not intend to write over the video, the only remedies available were the less severe sanctions provided by Rule 37(e)(1). The parties were asked to look at *Gregory*, 118 F.4th, *Zeiter v. Walmart Inc.*, No. 2:21-CV-00061-ART-DJA, 2026 WL 892518 (D. Nev. Mar. 31, 2026), and the advisory committee notes to Rule 37(e)(1), and re-brief the appropriate sanction for Costco's spoliation of the video evidence.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 37(e) provides courts with circumscribed authority to sanction parties for the spoliation of electronically stored information ("ESI"). *Gregory*, 118 F.4th at 1079. If a covered loss of ESI occurs, Rule 37(e) provides a range of sanctions of varying levels of severity. Paragraph (e)(1) gives courts general authority to impose milder sanctions that are "no greater than

necessary to cure the prejudice" resulting from the loss. The range of possible remedies under (e)(1) is "quite broad." Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment. In an appropriate case, courts may cure prejudice by "permitting the parties to present evidence and argument to the jury regarding the loss of information" using their authority under paragraph (e)(1). *Id.* If the spoliating party acted with intent to deprive its opponent of evidence, more severe sanctions may be imposed under paragraph (e)(2). One of the more severe sanctions that can only be issued under this more demanding standard is "instruct[ing] the jury that it may or must presume the information was unfavorable to th[at] party." *Id.*

If a court does not find that the spoliating party acted with the intent to deprive another party of the ESI, then remedies under paragraph (e)(2) are not available. The advisory committee's notes instruct that "[c]are must be taken ... to ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2) only on a finding of intent to deprive another party of the lost information's use in the litigation." *Id.* The Ninth Circuit therefore concluded that that the sanctions available under Rule 37(e)(2) are "only available if the court first made the finding of intent required by the rule." *Gregory*, 118 F.4th at 1079.

## III.    DISCUSSION

Under the circumstances, it is appropriate to cure the prejudice to Ms. Chism by issuing one of the milder sanctions available under Rule 37(e)(1). The Court rests on its previous determination that Costco spoliated evidence that should have been preserved in the anticipation of litigation, that Costco failed to take reasonable steps to preserve the video, and the video could not be restored or replaced through additional discovery. (ECF No. 72 at 26-27.) The spoliation of evidence was prejudicial to Ms. Chism. (ECF No. 86.) Sanctions under (e)(1) rather than (e)(2) are appropriate here because, as the Court previously found

3

(*id.*), Costco acted with something less than intent. Here, as in *Gregory,* an employee of the spoliating party viewed the video and nevertheless allowed it to be written over. Without more, these circumstances suggest something less than intent. *See, e.g. Gregory*, 118 F.4th at 1074, 1080 (9th Cir. 2024). Since the adverse inference jury instruction previously ordered is only available under Rule 37(e)(2), the prior order issuing an adverse inference jury instruction is vacated.

Under the authority of Rule 37(e)(1), both parties will be permitted to present arguments to the Court on the circumstances of the lost evidence and the prejudice that Ms. Chism suffered from the loss of the evidence. Where a party purportedly believed that ESI did not contain information relevant to the incident, and failed to take reasonable steps to preserve the ESI, courts in this district have "permit[ted] the parties to present evidence and argument... regarding the loss of information." *Hunt v. Assa Abloy Entrance Sys. US, Inc.*, No. 2:24-CV-01980-GMN-EJY, 2025 WL 2484182, at *6 (D. Nev. Aug. 28, 2025) (quoting Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment).

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that the Court's prior order granting Ms. Chism an adverse inference jury instruction is VACATED. (ECF No. 86.)  All prior orders regarding trial remain in effect.

IT IS FURTHER ORDERED that the parties are permitted to present evidence and argument to the factfinder regarding the loss of video footage of Ms. Chism's fall and the inferences that the factfinder should draw.

DATED: June 18, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4