UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE CHISM,<br>Plaintiff,<br>v.<br>COSTCO WHOLESALE CORPORATION,<br>Defendant. | Case No. 2:20-cv-00967-ART-DJA<br>**ORDER**<br>(ECF No. 110) |

Plaintiff Michelle Chism fell down in a Costco and incurred a severe head injury. She now sues Costco for negligence and negligent hiring. Because Costco automatically recorded over the only video footage of the accident, Ms. Chism was granted a sanction under Rule 37(e)(1), "permitting the parties to present evidence and argument to the jury regarding the loss of information." Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment. Ms. Chism has moved the Court to reconsider and impose harsher sanctions under Rule 37(e)(2). (ECF No. 110.) The Court now denies the motion to reconsider.

## I. BACKGROUND

Plaintiff suffered a severe head injury after falling at Costco in April 2019. (ECF No. 1 ¶ 9.) On the day of the accident, Costco administrative manager Michael Le reviewed surveillance footage of Ms. Chism's fall. (ECF No. 55-1 at 92.) Mr. Le did not preserve the footage and three months after the incident, the video was written over. (ECF No. 72 at 19.)

In November 2023, the Court granted Plaintiff's motion for spoliation, finding that the requirements of Rule 37(e) had been satisfied. (*Id.* at 26-27.) In a subsequent August 2025 order, the Court reasoned that Costco's failure to preserve the video was something less than willful or reckless. (ECF No. 86.) Nonetheless, due to the severe prejudice to Plaintiff and the ineffectiveness of lesser remedies, the Court ordered that the jury would be instructed that it was

permitted to presume that the spoliated evidence was favorable to Ms. Chism. (*Id.*)

At calendar call on June 2, 2026, the parties were advised that under *Gregory v. State of Montana*, 118 F.4th 1069, 1078 (9th Cir. 2014) and Fed. R. Civ. P. 37(e)(2), the Court was without authority to issue an adverse inference jury instruction unless it also found that Costco had an intent to destroy the video. Since the Court had found that Costco did not intend to write over the video, the only remedies available were the less severe sanctions provided by Rule 37(e)(1). The parties were asked to look at *Gregory*; *Zeiter v. Walmart Inc.*, No. 2:21-CV-00061-ART-DJA, 2026 WL 892518 (D. Nev. Mar. 31, 2026); and the advisory committee notes to Rule 37(e)(1), and re-brief the appropriate sanction for Costco's spoliation of the video evidence.

In response to the Court's request, Plaintiff submitted a renewed motion for sanctions under Rule 37(e)(2), relying on *Jones v. Riot Hospitality Group LLC*, 95 F.4th 730 (9th Cir. 2024). (ECF No. 98.) Costco submitted an opposition. (ECF No. 101.) On June 18, 2026, the Court vacated its previous order and imposed new sanctions under the authority of Rule 37(e)(1), permitting both parties to present arguments to at trial on the circumstances of the lost evidence and the prejudice that Ms. Chism suffered from the loss of the evidence. (ECF No. 104.)

Ms. Chism then moved for reconsideration. (ECF No. 110.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory orders, such as an order granting a partial motion to dismiss. *See, e.g.*, Fed.R.Civ.P. 60(b) (specifying that this rule only applies to "a final judgment, order, or proceeding"). However, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.2001). This

plenary power derives from the common law and is not limited by the provisions of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those rules. *See id.* at 886–87.

Under LR 59-1(a), reconsideration of an interlocutory order may be appropriate if (1) the court is presented with newly discovered evidence; (2) has committed clear error; or (3) there has been an intervening change in controlling law. "A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

## III. DISCUSSION

Ms. Chism seeks reconsideration of Court's June 2026 order and imposition of Rule 37(e)(2) sanctions. She argues that the Court's prior order is legal error because it misreads *Gregory* as establishing a categorical rule it does not contain, and it bypasses the circumstantial intent analysis required by *Jones*. Applying the *Jones* factors to the record, Ms. Chism argues that Costco acted with intent to deprive Ms. Chism of the footage, which means that default judgment or, in the alternative, a mandatory adverse presumption that the lost footage was unfavorable to Costco under Rule 37(e)(2) is appropriate.

Ms. Chism's first basis for reconsideration finds a categorical rule in the Court's prior statement that "[h]ere, as in *Gregory*, an employee of the spoliating party viewed the video and nevertheless allowed it to be written over. Without more, these circumstances suggest something less than intent." (ECF No. 104 at 4.) The Court did not conclude that *Gregory* established a bright line rule. Rather, it is an analogy from the facts of *Gregory*, which also analyzed destruction of ESI under Rule 37(e)(2). The analogy is a direct response to Ms. Chism's similar line of reasoning in her renewed motion for sanctions, in which she claimed that Mr. Le must have intended to spoliate the video because "[h]ere, every factor *Gregory*

found absent is present," and "[u]nlike *Gregory*, where the footage was passively auto-deleted before anyone had an opportunity to preserve it, Mr. Le had that opportunity." (ECF No. 98 at 10, 16.)

Ms. Chism's second basis for reconsideration is that *Jones* imposes a mandatory set of factors for inferring intent based on circumstantial evidence. But the *Jones* factors are not mandatory. *Jones* says that when a district court considers circumstantial evidence in determining whether a party acted with the intent required for Rule 37(e)(2) sanctions, "[r]elevant considerations include the timing of destruction, affirmative steps taken to delete evidence, and selective preservation." 95 F.4th at 735. The use of the word "include" shows that these factors are nonexclusive.

Ms. Chism previously argued that application of the *Jones* framework shows that Mr. Le willfully destroyed the footage of the accident. (ECF No. 98.) Since this argument was previously made and rejected, the Court does not consider it now. LR 59-1(b); *cf. Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n.5 (2008); *Kona Enters., Inc. v. Est. of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (finding that the district court did not abuse its discretion when it denied a Rule 59(e) motion on the basis that a movant had opportunities to bring its argument for reconsideration prior to entry of judgment).

## IV. CONCLUSION

It is therefore ordered that Plaintiff's Motion for Reconsideration (ECF No. 110) is DENIED.

It is further ordered that the parties shall submit a joint status report by September 2, 2026 to inform the Court of their next steps.

Dated this 19th day of August, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE